IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                               No. 23-CR-01348-MLG

LEONARDO DUNCAN,

    Defendant.

**UNITED STATES' RESPONSE OPPOSING DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER**

*For Consideration by the Honorable John F. Robbenhaar*

The United States respectfully requests the Court deny Defendant Leonardo Duncan's ("Mr. Duncan's") Motion for Reconsideration of Detention Order (**Doc. 22**) because Mr. Duncan fails to point to new information that has material bearing on whether conditions of release can be fashioned to reasonably assure the safety of the community as required by 18 U.S.C. § 3142(f). Because new, material information does not exist, Mr. Duncan should remain detained pending trial per this Court's previous Order (**Doc. 10**).

**FACTUAL BACKGROUND**

On the morning of August 12, 2023, Mr. Duncan drove his white GMC pickup truck while drunk and crashed into Jane and John Doe who were driving to Farmington for a doctor's appointment. Instead of checking on Jane and John Doe and attempting to render aid, Mr. Duncan fled the scene on foot. Jane and John Doe died shortly after. When Mr. Duncan eventually turned himself in, he was still intoxicated with a blood alcohol content of 0.08 six hours after the crash. Based on these facts, Mr. Duncan was charged with two counts of involuntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112 for unlawfully killing Jane and John Doe.

1

At the time of the crash, Mr. Duncan was on state probation for a 2019 conviction for battery on a household member. The terms of his state probation required he not drink alcohol. Mr. Duncan's failure to comply with the terms of his state probation had deadly consequence for Jane and John Doe. What is more, Mr. Duncan was arrested for a DUI by Navajo Police two weeks before the crash; yet he still got behind the wheel while drunk on the morning of August 12, 2023.

At the initial detention hearing, this Court found by clear and convincing that no condition or combination of conditions of release could reasonably assure the safety of the community. (**Doc. 10**). Defense counsel had urged the Court to release Mr. Duncan to a halfway house (**Doc. 9**), but the Court was not persuaded and detained Mr. Duncan based on the weight of the evidence, the fact Mr. Duncan would be subject to a lengthy period of incarceration if convicted, his criminal history, his history of violence, his history of alcohol abuse, and his prior violations of probation, parole, or supervised release (D**oc. 10)**.

On December 13, 2023, Mr. Duncan filed a motion to reopen the detention hearing under 18 U.S.C § 3142(f). In his motion, Mr. Duncan requests release to Four Winds Behavioral Health to complete their 90- or 180-day residential treatment program.[1] According to Mr. Duncan, he has applied to and been approved for admission at Four Winds (**Doc. 22 at 2.)** Upon completion of a Four Winds program, Mr. Duncan would agree to return to custody.

According to defense counsel, Mr. Duncan's admission to Four Winds qualifies as new, material information that was not available to him at the time of the detention hearing. The United

---

[1] Defense counsel describes Four Winds as an "inpatient" treatment program, but it is the United States' understanding that Four Winds only provides an intensive "outpatient" program. *See* https://fourwindsbehavioralhealth.org/treatment-programs/. Certainly, Mr. Duncan could live at Four Winds, but he would not be subject to close monitoring and supervision outside of the Monday – Saturday, 8:00 am – 2:20 pm treatment programming hours. That said, the United States acknowledges that if Mr. Duncan resided at Four Winds, he would not be allowed to leave or have visitors at the facility without permission.

States disagrees. Defense counsel knew Four Winds existed as a treatment option at the initial detention hearing and knew Mr. Duncan could apply for treatment there. Mr. Duncan's admission to Four Winds, therefore, does not constitute new information. Moreover, Mr. Duncan's admission does not materially bear on the Court's previous assessment of the § 3142(g) factors.

## DISCUSSION

Mr. Duncan moves to reopen his detention hearing under 18 U.S.C. § 3142(f). Section 3142(f) provides a detention hearing may be reopened in the following circumstances:

> The [detention] hearing may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Tenth Circuit has held that a detention hearing should be reopened "***only when*** there is new information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community." *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) (emphasis added). But even when new, material information exists, the Court still has discretion to decline to reopen a detention hearing. *United States v. Zhang*, 55 F.4th 141, 148 (2d Cir. 2022) ("[W]e emphasize that the Bail Reform Act states only that a hearing 'may' be reopened if new and material information is presented. The Act therefore leaves the decision to reopen a hearing to the sound discretion of the district court.") (internal citation omitted); *see also United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012) ("[U]se of the word 'may' indicates discretion on the part of the district court. Thus, there is no requirement to reopen a detention hearing . . . .").

While the United States bore the burden of proof at the initial detention hearing, the party seeking to reopen a detention hearing—here, Mr. Duncan—bears the burden of showing new,

3

material information justifies reopening detention proceedings. *See e.g.*, *United States v. Terrone*, 454 F. Supp. 3d 1009, 1017 (D. Nev. 2020) (§ 3142(f) "requires the movant, whether prosecutor or defendant, establish: (1) that information now exists that was not known to the movant at the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness."); *United States v. Jalbert*, 231 F. Supp. 2d 359, 360 (D. Me. 2002) ("I agreed with the Government that in order to reopen the detention hearing the burden was on the movant . . . ."); *United States v. Knott*, No. 1:23-CR-279, 2023 WL 4116011, at *3 (N.D. Ohio June 22, 2023); *United States v. Hollingberry*, No. CR2000673001PHXMTL, 2021 WL 3912850, at *2 (D. Ariz. Sept. 1, 2021); *United States v. Thai*, No. 4:23-CR-00284-002, 2023 WL 5808836, at *2 (S.D. Tex. Sept. 7, 2023).[2] Here, Mr. Duncan, as the movant, has failed to meet his burden.

To reopen a detention hearing, Mr. Duncan first must present the Court with "information . . . not known to the movant at the time of the hearing." § 3142(f). This information must have been "unavailable at the original detention hearing," *United States v. Garcia*, 445 F. App'x 105, 108 (10th Cir. 2011), and must show "truly changed circumstances, something unexpected, or a significant event," *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (J. Ketanji Brown Jackson) (quoting *United States v. Esposito*, 354 F. Supp. 3d 354, 359 (S.D.N.Y. 2019)).

Here, the availability of Four-Winds treatment as a condition of release for Mr. Duncan is not new information for the purposes of § 3142(f). The United States does not dispute that Mr. Duncan had not been accepted into Four Winds at the time of the initial detention hearing, but Four Winds is a well-known treatment facility in New Mexico and presumably defense counsel, the Court, and pretrial services were all aware that Four Winds existed and that Mr. Duncan could

---

[2] The United States cites out-of-circuit district-court precedent because neither the Tenth Circuit nor any of the federal district courts in New Mexico have addressed this issue.

apply to this program. Had the Court believed that Mr. Duncan's placement at Four Winds would have reasonably assured the safety of the community, the Court could have detained him just until he was accepted to Four Winds. But the Court did not do that; instead, the Court concluded no condition or combination of conditions of release could reasonably assure the safety of the community. At the initial detention hearing, defense counsel urged the Court to release Mr. Duncan to a halfway house. Defense counsel's request for placement at Four Winds is not materially different from their earlier request for halfway-house placement and should not be considered new information. *See United States v. Dermen*, 779 F. App'x 497, 502 (10th Cir. 2019) (declining to reopen a detention hearing when defendant made "the same basic arguments he made at the detention hearing").

But even if the Court concludes Mr. Duncan's acceptance at Four Winds is new information, it still has no "material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community." § 3142(f). Justice Ketanji Brown Jackson, when sitting as a district court judge, explained the materiality requirement of § 3142(f) as follows: "previously unavailable information has *no* material bearing on the factors that must be considered to establish the propriety of pretrial detention *unless* that new information casts different light on any of [the § 3142(g)] factors." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020). Said another way, the new information "must relate in some *significant* or *essential* way to the decision whether to detain." *United States v. Krol*, 642 F. Supp. 3d 28, 35 (D.D.C. 2022) (citation omitted).

Here, Mr. Duncan's acceptance at Four Winds does not cast a different light on any of the § 3142(g) factors. The facts underlying this Court's order detaining Mr. Duncan remain unchanged: Mr. Duncan's acceptance to Four Winds does not change the fact that Mr. Duncan

5

killed two people while on state probation and then fled the scene. Nor does Mr. Duncan's Four-Winds acceptance counterbalance the strong weight of the evidence against him. Not only will the evidence show that Mr. Duncan had a blood alcohol content of 0.08 six hours after the crash, but the evidence will also show that police officers found open and unopened beer cans in and around Mr. Duncan's vehicle. Moreover, minutes before the crash, the police were called because a White GMC truck—the same truck Mr. Duncan drove—was driving erratically and nearly hit a van. The evidence will also show Mr. Duncan was drinking the night before and into the early morning hours of August 12, 2023. The weight of the evidence against Mr. Duncan is strong, and the availability of Four-Winds treatment does not change this. Finally, Mr. Duncan's history and characteristics suggest that he poses a serious danger to the community if released to a facility with less supervision. Recall, Mr. Duncan was on state probation when he committed the instant offense and violated the terms of his state probation by drinking and driving.

In sum, Mr. Duncan's acceptance to Four Winds is neither new nor material information, and the Court should decline to reopen the detention hearing under § 3142(f).[3]

## CONCLUSION

Because Mr. Duncan fails to present the Court with new information that materially bears on whether conditions of release can reasonably assure the safety of the community, the United States respectfully requests the Court deny Mr. Duncan's motion to reopen the detention hearing.[4]

---

[3] If the Court finds Mr. Duncan's placement at Four Winds is appropriate, the United States requests GPS monitoring be ordered and Mr. Duncan be prohibited from driving while on release.

[4] Jane and John Doe's families oppose Mr. Duncan's motion.

6

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Electronically filed on December 21, 2023*
Jena Ritchey
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that on December 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*  _____
         JENA RITCHEY
         Assistant United States Attorney